UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANA VASQUEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:22-cv-00159 |
| | § | (removed from the 101st Judicial |
| TIMOTHY HILL, INDIVIDUALLY, | § | District Court, Dallas County, |
| XPO LOGISTICS EXPRESS, LLC | § | Texas) |
| | § | |
| Defendants. | § | |

**DEFENDANT XPO LOGISTICS EXPRESS, LLC'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, XPO Logistics Express, LLC ("XPO"), hereby removes this action from the 101st Judicial District Court, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and would respectfully show the Court as follows:

**I.   PARTIES**

**1.**   Plaintiff Ana Vasquez ("Vasquez") is an individual residing in Quinlan, Hunt County, Texas. For purposes of diversity, Vasquez is a citizen of Texas.

**2.**   Defendant XPO Logistics Express, LLC ("XPO") is a limited liability company. For diversity purposes, the citizenship of a limited liability company is that of any

state where its members are citizens.[1] The sole member of Defendant XPO is XPO Logistics, LLC, a Delaware limited liability company.

    a. XPO Logistics, LLC's sole member is XPO NAT Solutions, LLC, a Delaware limited liability company.

    b. XPO NAT Solutions, LLC's sole member is XPO Logistics, Inc., a Delaware corporation.

    c. XPO Logistics, Inc., which was at the time of this removal, has been at all times since, and still is, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Connecticut.

3. Accordingly, for diversity purposes, Defendant XPO is a citizen of Delaware and Connecticut.

4. Defendant Hill is an individual residing in Greenfield, Indiana. For purposes of diversity, Hill is a citizen of Indiana.

## II. STATE COURT ACTION

5. This matter arises from a motor vehicle accident that occurred on October 23, 2021, in Dallas County, Texas. As a result of the accident, Plaintiff is bringing claims of negligence and vicarious liability against Defendants.

6. As background, Plaintiff originally filed a lawsuit on April 20, 2022, in the County Court at Law No. 1 in Dallas County, Texas (the "First Lawsuit") against the same parties for the same accident. Initial discovery took place in the First Lawsuit

---

[1] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

between the parties. Thereafter, on August 24, 2022, Plaintiff voluntarily nonsuited all her claims without prejudice in the First Lawsuit.

7. On September 15, 2022, Plaintiff filed her new Original Petition in the 101st Judicial District Court, Dallas County, Texas, styled *Ana Vasquez v. Timothy Hill, Individually, XPO Logistics Express, LLC,* cause no. DC-22-13129 (the "State Court Action") alleging claims against the same parties as a result of the same accident from the First Lawsuit.

8. XPO was served with process in the State Court Action on October 10, 2022. XPO filed its Original Answer on October 14, 2022.

9. To XPO's knowledge, Hill has not been served with process in the State Court Action.

10. With this Notice of Removal, Defendant XPO removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

### III.   BASIS FOR REMOVAL

11. The State Court Action is removable pursuant to 28 U.S.C. § 1441(a)-(b) and 28 U.S.C. § 1332(a)(1). This matter is a civil dispute between citizens of different states. There is and was at all relevant times (including at the time of filing of the State Court Action, service of the Original Petition, and the filing of this Notice of Removal), complete diversity between the parties in this action.

**12.** Under Federal law, the amount in controversy is determined as of the time of removal.[2] If a court cannot determine if a plaintiff's damages exceed $75,000 from the face of the petition, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]".[3] Evidence presented by defendant may demonstrate the claims likely exceed $75,000 "even when it is not facially apparent that the amount in controversy is met."[4]

**13.** Here, the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs, as evidenced by Plaintiff's past medical bills allegedly resulting from the accident in question, in conjunction with the additional damages Plaintiff is seeking through the State Court Action.

**14.** Plaintiff's Petition in the State Court Action alleges damages of more than $10,000 but less than $250,000.[5] On June 21, 2022, at the outset of the First Lawsuit, Plaintiff served her initial disclosures setting forth Plaintiff's alleged past economic damages.[6] Based on the records provided, Plaintiff alleges her past medical damages alone total $86,399.50, exceeding the $75,000 threshold.[7] This does not include the additional damages sought by Plaintiff through this State Court Action, which

---

[2] *Harris v. QuikTrip Corp.*, No. 3:21-CV-2162-S, 2021 WL 5281595, at *2 (N.D. Tex. Nov. 11, 2021) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 800, 883 (5th Cir. 2000)).
[3] *Quiktrip Corp.*, 2021 WL 5281595, at *2 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[4] *Quiktrip Corp.*, 2021 WL 5281595, at *3 (citing *Allen*, 63 F.3d at 1336).
[5] Plaintiff's Original Petition, Page 1.
[6] *See* Ex. A, Plaintiff's Initial Disclosures in the First Lawsuit, page 3.
[7] *Id.*

include future medical costs, loss of earning capacity, lost wages, and other various noneconomic damages.

15. Accordingly, it is shown by a preponderance of the evidence that the damages sought in this matter exceed $75,000.

16. Because Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, this Court has original jurisdiction and removal of this matter to federal court is proper.

17. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the district and division of this Court includes Dallas County, Texas, the location where Plaintiff filed her State Court Action.

### IV. COMPLIANCE WITH REMOVAL REQUIREMENTS

18. This Notice of Removal is timely filed under 28 U.S.C. § 1446. This Notice of Removal is filed within thirty days of October 10, 2022, the date Defendant XPO was first served with process and a copy of Plaintiff's Original Petition in the State Court Action. This Notice of Removal is filed within one year of the filing of the Original Petition in the State Court Action.

19. In accordance with 28 U.S.C. § 1446(d), written notice of this removal will be promptly given to Plaintiff, through her counsel of record, and a copy of this Notice will be filed with the clerk of court where the State Court Action is pending.

20. By filing this Notice of Removal, Defendant does not intend to waive any defenses it may have to Plaintiff's claims.

## V. CONCLUSION

Defendant XPO Logistics Express, LLC requests the Court accept jurisdiction over this lawsuit for the reasons set forth above and grant them such other and further relief at law and in equity to which they may be justly entitled.

Respectfully submitted,

*/s/ Mark Scudder*
**MARK S. SCUDDER**
State Bar No. 17936300
**RYAN FUNDERBURG**
State Bar No. 24101776
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER**
2001 Bryan St., Suite 1800
(214) 871-2100
(214) 871-2111 - Fax
mscudder@qslwm.com
rfunderburg@qslwm.com

**ATTORNEYS FOR DEFENDANT XPO LOSGISTICS EXPRESS, LLC**

## CERTIFICATE OF SERVICE

On October 24, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Mark S. Scudder*
**MARK S. SCUDDER**