# EXHIBIT B-1

FILED
9/15/2022 12:59 PM
FELICIA PITRE DISTRICT CLERK
DALLAS CO., TEXAS
Cynthia Willis DEPUTY

DC-22-13129

CAUSE NO. _____

| | | |
|---|---|---|
| ANA VASQUEZ, PLAINTIFF, | § § § § § | IN THE DISTRICT COURT |
| v. | § § § | 101st _____ JUDICIAL DISTRICT |
| TIMOTHY HILL, INDIVIDUALLY, XPO LOGISTICS EXPRESS, LLC DEFENDANTS. | § § § § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE TO DEFENDANTS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ANA VASQUEZ, Plaintiff herein, complaining of and against TIMOTHY HILL, INDIVIDUALLY, XPO LOGISTICS EXPRESS, LLC, Defendants herein, and would respectfully show unto the Court as follows:

**TEXAS RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT**

Plaintiff prefers to have this Honorable Judge or jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff's place the decision regarding the amount of compensation to be awarded in this Honorable Judge or jury's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs states that the monetary relief sought is between more than $10,000.00 but less than $250,000.00.

**DISCOVERY CONTROL PLAN**

Plaintiff intends to conduct discovery under Discovery Level 2 in accordance with Texas Rules of Civil Procedure.

## PARTIES AND SERVICE

Plaintiff's place of residence is in Texas.

Defendant **TIMOTHY HILL** is an individual who may be served at his place of residence, located at 2518 FOX HARBOUR DRIVE, INDIANAPOLIS, IN, 46227; 3303 W US Highway 40 Lot 79 Greenfield, IN 46140-8239; or wherever he may be found.

**Issuance of citation is requested at this time**.

Defendant **XPO LOGISTICS EXPRESS, LLC** is a foreign limited liability company, doing business in the State of Texas and Dallas County, who may be served by serving its registered agent, REGISTERED AGENT SOLUTIONS, INC., located at 1701 DIRECTORS BLVD., SUITE 300, DALLAS, TX, 78744, or wherever it may be found.

**Issuance of citation is requested at this time**.

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## JURISDICTION

This Court has jurisdiction as Plaintiff's damages are within the jurisdictional limits of this Court.

## VENUE

Venue is proper in Dallas County, Texas, pursuant to the Texas Civil Practice and Remedies Code.

## FACTS

On or about October 23, 2021, in Dallas County, Texas, Defendants **TIMOTHY HILL, AND XPO LOGISTICS EXPRESS, LLC** failed to act as a person of ordinary prudence and collided into Plaintiff's vehicle. Defendants' negligence was the cause of this motor vehicle

collision. This motor vehicle collision was the cause of Plaintiff's injuries.

It was the Defendants' negligence which was the proximate cause of Plaintiff's personal injuries.

## **NEGLIGENCE OF DEFENDANT TIMOTHY HILL**

The conduct of Defendant was the proximate causes of Plaintiff's personal injuries in that Defendant's acts or omissions constituted negligence to wit:

a. failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b. failing to turn the direction of the vehicle away from other vehicles, in order to avoid the collision;

c. failing to use due care to avoid the collision;

d. failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

e. failing to pay attention while operating a motor vehicle;

f. failing to employ audible and/or visual signals that meet the pertinent requirements of § 547.305 and 547.702 in violation of Texas Transportation Code §546.003;

g. failing to operate the vehicle with appropriate regard for the safety of all persons and reckless disregard for the safety of others in violation of Texas Transportation Code § 546.005;

h. failing to control the speed of the vehicle;

i. failing to turn properly; and

j. failing to turn when safe.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

At all relevant times, Defendant TIMOTHY HILL was acting in the course and scope of his employment or otherwise acting on behalf of Defendant XPO LOGISTICS EXPRESS, LLC.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VICARIOUS LIABILITY OF XPO LOGISTICS EXPRESS, LLC.

At the time of the collision described above, Defendant TIMOTHY HILL was acting in the course and scope of their employment with Defendant XPO LOGISTICS EXPRESS, LLC.

As a result, Defendant XPO LOGISTICS EXPRESS, LLC is vicariously liable for Defendant TIMOTHY HILL's general negligence under the doctrine of respondent superior. Plaintiff sues for the damages they incurred due to Defendants' negligence. Plaintiff alleges that all damages, as well as the occurrences that made the basis of this action, were proximately caused solely by the conduct of Defendants and that all Defendants are jointly and severally liable for Plaintiff's damages.

## NEGLIGENT HIRING BY XPO LOGISTICS EXPRESS, LLC.

Defendant XPO LOGISTICS EXPRESS, LLC was/is the employer of Defendant TIMOTHY HILL. Defendant XPO LOGISTICS EXPRESS, LLC negligent hired, trained, supervised, and retained Defendant TIMOTHY HILL in his capacity as driver. This negligence was a proximate and/or producing cause of Plaintiff's injuries and damages.

Plaintiff further pleads that Defendant XPO LOGISTICS EXPRESS, LLC was negligent in one or more of the following respects:

a. negligent hiring and supervision of Defendant TIMOTHY HILL;

b. negligent training and supervision of Defendant TIMOTHY HILL; and

c. negligent retention of Defendant TIMOTHY HILL.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## DAMAGES

As a result of the negligent conduct of Defendants, Plaintiff suffered the injuries and damages, described below:

a. Actual medical bills incurred by Plaintiff, which are necessary and reasonable for these types of services in the Plaintiff's county; and for future medical attention in amounts unknown at this time;

b. Monetary damages for Plaintiff for past physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

c. Monetary damages for Plaintiff for future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

d. Physical impairment in the past and future as determined by the trier of fact;

e. Disfigurement in the past and future;

f. Lost wages;

g. Lost earning capacity in the past and future;

  h.  Property Damage, including loss of use and diminished value;

## Rule 194 Requests for Disclosure

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a. The correct names of the parties to the lawsuit;

b. The name, address and telephone number of any potential parties;

c. The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d. The amount and method of calculating economic damages;

e. The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

f. For any testifying expert:
   (1) The expert's name, address and phone number;
   (2) The subject matter on which the expert will testify;
   (3) The general substance of the expert's mental impressions and opinions and     brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
   (4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
      a. All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
      b. The expert's current resume and bibliography

g. Any discoverable indemnity and insuring agreements;

h. Any discoverable settlement agreements;

i. Any discoverable witness statements;

j. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.

l.  The name, address, and telephone number of any person who may be designated as a responsible third party.

m.  All documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

## NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## TRCP 54 CONDITIONS PRECEDENT

Plaintiff pleads that all conditions precedent have been performed or have occurred.

## U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## PRAYER

**WHEREFORE**, Plaintiff will respectfully request that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following:

a.  Damages pleaded herein;

b.  Pre and post judgment interest at the maximum legal rate;

c.  Cost of Court; and

d.  for such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

**KINDER LAW PLLC**
3701 W. Northwest Highway
Building 3, Suite 304

Dallas, Texas 75220
Tel. (214) 812-9800
Fax. (214) 484-2144

By:_____
**JENNIFER ANNE KINDER**
TEXAS BAR NO. 00787837
Email: jkinder@justcallkinder.net

ATTORNEY FOR PLAINTIFF